IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dwight Lodge<br>1639 Briarcliff Road, Unit 5<br>Atlanta, Georgia 30306<br><br>      Plaintiff<br><br>v.<br><br>District Hospital Partners, LP<br>d/b/a The George Washington<br>University Hospital<br>900 23rd Street, N.W.<br>Washington, D.C. 20037<br><br>    <u>Serve on: Registered Agent</u><br>    CT Corporation<br>    1015 15th Street, N.W.<br>    Washington, D.C. 20005<br><br>and<br><br>The George Washington Medical<br>Faculty Associates, Inc.<br>2150 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20037<br><br>    Serve on: Resident Agent<br>    CSC<br>    1090 Vermont Avenue, N.W.<br>    Washington, D.C. 20005<br><br>and | Case No. _____<br><br><br><br><br><br><br><br>Complaint<br>and<br>Demand for Jury Trial |

Mariama Nixon
900 23rd Street, N.W.
Washington, D.C. 20005

    Defendants

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dwight Lodge, by and through his attorneys, Stuart M. Salsbury and Salsbury, Clements Bekman, Marder & Adkins, LLC, hereby files this Complaint and sues Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital, The George Washington Medical Faculty Associates, Inc., and Mariama Nixon, and, in support thereof, states as follows:

### PARTIES AND JURISDICTION

1.    Dwight Lodge sustained serious and permanent traumatic brain injury and other injuries due to the combined negligence and carelessness of the Defendants, directly and by and through their agents, servants, and/or employees, during his stay at The George Washington Hospital from December 28, 2007 to July 11, 2007.

2.    Defendant, District Hospital Partners, LP, is a limited partnership licensed to do business in the District of Columbia. It is the legal entity that owns and operates The George Washington University Hospital, located at 900 23rd

Street, N.W. in Washington, D.C., and does business and trades under that name.

3.     Defendant, Medical Faculty Associates, Inc., is a corporation licensed to do business in the District of Columbia. It provides medical services to patients throughout the District of Columbia.

4.     Defendant, Mariama Nixon, is a resident and citizen of the District of Columbia. Ms. Nixon is believed, based upon the shift note in the medical records, to be the nurse who was responsible for Dwight Lodge at the time of the injury complained of on January 2, 2007 and was an actual or apparent agent, servant, and/or employee of the Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital and/or The George Washington Medical Faculty Associates, Inc.

5.     Plaintiff, Dwight Lodge, is a resident and citizen of the State of Georgia.

6.     Diversity jurisdiction exists in this case pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens and residents of different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7.     Venue is proper in the United States District Court for the District of Columbia because that is where the cause of action arose.

8. Pursuant to the District of Columbia Medical Malpractice Act of 2006, notices were delivered to each of the Defendants advising of Plaintiff's intent to file suit.

9. At all times relevant to this action, the physicians, nurses, and other health care providers who treated Dwight Lodge or were otherwise responsible for his care during his stay at The George Washington University Hospital between December 28, 2006 and January 11, 2007, including, but not limited to Mariama Nixon, were the actual and apparent agents, servants, and/or employees of Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital and/or The George Washington Medical Faculty Associates, Inc.

10. At all times relevant to this action, Defendant, District Hospital Partners, LP, was the owner, operator, and/or manager of The George Washington University Hospital and was responsible, by and through its agents, servants, and/or employees, whether these persons were health care providers or non-health care providers such as security, maintenance, and other staff, for inspecting and maintaining the premises and keeping it free from dangerous conditions and defects that could endanger people like Dwight Lodge who were patients of the Hospital and on the premises with permission and in the furtherance of the Hospital's business.

11.    Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital and/or The George Washington Medical Faculty Associates, Inc., held their actual and apparent agents, servants, and/or employees out to Dwight Lodge and the general public as experienced, competent, and able physicians, nurses, and health care providers who possessed that degree of skill and knowledge ordinarily possessed by those who devote special study and attention to their practice areas and medicine in general. As such, the Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital and/or The George Washington Medical Faculty Associates, Inc., by and through their actual and apparent agents, servants, and/or employees, owed a duty to Dwight Lodge to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to their practice areas and medicine in general and to conform their conduct to the standard of care expected and required of reasonably competent and prudent health care providers under the same or similar circumstances.

## COUNT I
## NEGLIGENCE

12.    Plaintiff, Dwight Lodge, adopts and incorporates by reference the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.    Dwight Lodge was admitted to The George Washington University Hospital on December 28, 2006 with respiratory symptoms.

14.    On the fifth day of his admission, January 2, 2007, Mr. Lodge underwent a bronchoscopy procedure. He was placed under anesthesia during the procedure.

15.    Post-operatively, Mr. Lodge was transported to a room for observation. A nurse, believed to be Mariama Nixon based upon the shift note in the medical records but not otherwise identified, noted that he was sedated, drowsy, and incoherent.

16.    Contrary to accepted standards of care and practice, an agent, servant, and/or employee of the Defendants had left an unsecured and unattended tank or cylinder in the middle of Mr. Lodge's room.

17.    Contrary to accepted standards of care and practice, the nurse who noted that Mr. Lodge was sedated, drowsy, and incoherent, believed to be Mariama Nixon based upon the shift note in the medical records but not otherwise identified, did not take any action, personally or in conjunction with any other of the Defendants' agents, servants, and/or employees, to secure the tank or cylinder or prevent it from being a danger to Mr. Lodge or to stay with Mr. Lodge until the

tank or cylinder could either be secured or removed from the room. Instead, the nurse left Mr. Lodge in the room with the unsecured tank or cylinder.

18.     While still under the effects of anesthesia, Mr. Lodge attempted to get out of his bed and walk to the bathroom in his room. He lost his balance and fell because of the unsecured cylinder or tank and the unsecured oxygen cylinder or tank also fell, striking and landing on Mr. Lodge's head.

19.     Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital, The George Washington Medical Faculty Associates, Inc., and Mariama Nixon, directly and by and through their actual and apparent agents, servants, and/or employees, violated the applicable standards of care and/or were negligent and careless in that they:

a.     left an unsecured and unattended tank or cylinder in Mr. Lodge's room before he arrived;

b.     failed to perform an adequate assessment of the room to determine whether there were any dangerous conditions present before leaving the room;

c.     failed to perform an adequate assessment of the room to determine whether there was an unsecured and unattended tank or cylinder in the room before leaving the room;

d.      left Mr. Lodge in a room with an unsecured and unattended tank or cylinder;

e.      failed to recognize the existence of a dangerous condition and either remove it, have it removed, or stay with Mr. Lodge until it could be removed;

f.      failed to perform an adequate fall risk assessment on Mr. Lodge to determine that he was a fall risk before and/or after the bronchoscopy procedure and to take preventative actions to protect him from fall hazards;

g.      failed to order and/or implement adequate fall protection measure to protect Mr. Lodge while he was in the Hospital and/or recovering from the bronchoscopy procedure;

h.      failed to implement and/or follow safety protocols or standards concerning the existence, recognition, and removal of dangerous conditions in patient rooms;

i.      failed to comply with the applicable standards of care to protect Mr. Lodge from harm; and

j.      were otherwise negligent and careless.

20.     As a direct and proximate result of the negligence of Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital, The George Washington Medical Faculty Associates, Inc., and Mariama Nixon, directly and by

and through their actual and apparent agents, servants, and/or employees, Mr. Lodge has suffered and in the future will suffer from a significant and permanent traumatic brain injury and injury to other bodily systems and has suffered and in the future will suffer significant and permanent mental and physical pain, suffering, distress, fear, anxiety, disfigurement, and embarrassment. In addition, Mr. Lodge has been caused to suffer and in the future will be caused to suffer substantially high economic and other pecuniary losses including, but not limited to, medical bills, medical expenses, lost wages, lost earnings capacity, lost household services, and other losses and expenses.

21.    All of Dwight Lodge's injuries and damages were caused by the combined wrongful acts and omissions of the actual and apparent agents, servants, and/or employees of Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital, The George Washington Medical Faculty Associates, Inc., and Mariama Nixon, without any negligence on Plaintiff's part contributing thereto.

WHEREFORE, Plaintiff, Dwight Lodge, demands judgment against Defendants, District Hospital Partners, LP d/b/a The George Washington Hospital, The George Washington Medical Faculty Associates, Inc., and Mariama Nixon,

jointly and severely, in the amount of Twenty Million Dollars ($20,000,000), plus

interest together with all costs of this action.

      Respectfully submitted,


Stuart M. Salsbury (Bar No. 463059)
Salsbury Clements Bekman Marder &
   Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
410-539-6633

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Dwight Lodge<br><br>     Plaintiff<br><br>v.<br><br>District Hospital Partners, LP, et al.<br><br>     Defendants | Case No. _____ |

## **DEMAND FOR JURY TRIAL**

Plaintiff, Dwight Lodge, by and through their attorneys, Stuart Salsbury, Salsbury and Salsbury, Clements, Bekman, Marder & Adkins, LLC, hereby demands a jury trial in the above-captioned case.

Respectfully submitted,

Stuart M. Salsbury (Bar No. 463059)
Salsbury Clements Bekman Marder &
   Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
410-539-6633

Attorneys for Plaintiff

– 11 –