IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DWIGHT LODGE     *

    Plaintiff,     *

v.     * Civil Action No.: 1:09 cv 02110 (EGS)

DISTRICT HOSPITAL PARTNERS, LP,     *
d/b/a THE GEORGE WASHINGTON
UNIVERSITY HOSPITAL, et al.     *

    Defendants.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANT'S MOTION FOR QUALIFIED
### PROTECTIVE ORDER PERMITTING DEFENSE COUNSEL
### TO SPEAK TO THE PLAINTIFF'S TREATING PHYSICIANS

The Defendant, by and through undersigned counsel, hereby requests an Order permitting defense counsel to speak to the Plaintiff's treating physicians in accordance with HIPAA. In support thereof, the Defendant states as follows:

1. This is a medical malpractice action in which the Plaintiff alleges that the Defendant's negligence caused severe and permanent neurologic injury to the Plaintiff during his admission at George Washington University Hospital ("GWUH") in December of 2006.

2. More specifically, the Plaintiff alleges that negligence on part of employees of the Defendant caused or permitted the Plaintiff to fall. The Plaintiff asserts that he sustained a serious head injury which has resulted in permanent neurological impairment.

3. The Plaintiff has a long and complicated medically history, with multiple healthcare providers, much of which bears on the nature and extent of the allegations raised in this case. The Plaintiff, for example, is HIV positive.

4. In filing suit, the Plaintiff has placed his medical condition (and thus, the medical care rendered by his various providers) squarely at issue.

5. The District of Columbia law permits *ex parte* communication with treating healthcare providers, as does the Health Insurance Portability and Accountability Act of 1996 (HIPAA). As such, the Defendant seeks a Qualified Protective Order permitting communication with the Plaintiff's treating physicians

6. The Defendant respectfully directs this Court's attention to its supporting Memorandum and Points of Authorities, attached hereto.

7. A proposed Order and proposed Authorizations are attached hereto.

Respectfully submitted,

/s/ *Aaron L. Moore*
Thomas V. Monahan, Jr. (457213)
tvm@gdldlaw.com
Aaron L. Moore (500099)
amoore@gdldlaw.com
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 (facsimile)
**Attorneys for Defendant, District Hospital Partners, LP**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of March, 2010, a copy of the foregoing Defendant's Motion for Qualified Protective Order; Memorandum of Points and Authorities in Support thereof; Request for a Hearing; and proposed Order was served electronically to:

Stuart M. Salsbury
Salsbury Clements Bekman Marder & Adkins
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201

/s/ *Aaron L. Moore*
Aaron L. Moore

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DWIGHT LODGE                        *

    Plaintiff,                        *

v.                                  *   Civil Action No.: 1:09 cv 02110 (EGS)

DISTRICT HOSPITAL PARTNERS, LP,     *
d/b/a THE GEORGE WASHINGTON
UNIVERSITY HOSPITAL, et al.         *

    Defendants.                       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REQUEST FOR HEARING

Defendant, by and through undersigned counsel, respectfully requests a hearing on its Motion for a Qualified Protective Order Permitting Defense Counsel To Speak To The Plaintiff's Treating Physicians.

                                                   Respectfully submitted,

                                                 */s/ Aaron L. Moore*
                                                 Thomas V. Monahan, Jr. (457213)
                                                 tvm@gdldlaw.com
                                                 Aaron L. Moore (500099)
                                                 amoore@gdldlaw.com
                                                 Goodell, DeVries, Leech & Dann, LLP
                                                 One South Street, 20th Floor
                                                 Baltimore, Maryland  21202
                                                 (410) 783-4000
                                                 (410) 783-4040 (facsimile)
                                                 **Attorneys for Defendant, District Hospital Partners, LP**

4821-6105-2677

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DWIGHT LODGE | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:09 cv 02110 (EGS) |
| DISTRICT HOSPITAL PARTNERS, LP, d/b/a THE GEORGE WASHINGTON UNIVERSITY HOSPITAL, et al. | * * | |
| Defendants. | * | |

* * * * * * * * * * * *

## LCvR 7(m)

Undersigned counsel attempted to obtain the consent of the Plaintiff's counsel for the relief sought herein. The Plaintiff's counsel did not consent.

Respectfully submitted,

*/s/ Aaron L. Moore*
Thomas V. Monahan, Jr. (457213)
tvm@gdldlaw.com
Aaron L. Moore (500099)
amoore@gdldlaw.com
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 (facsimile)
**Attorneys for Defendant, District Hospital Partners, LP**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DWIGHT LODGE        *

    Plaintiff,        *

v.        *    Civil Action No.: 1:09 cv 02110 (EGS)

DISTRICT HOSPITAL PARTNERS, LP,    *
d/b/a THE GEORGE WASHINGTON
UNIVERSITY HOSPITAL, et al.     *

    Defendants.       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR QUALIFIED PROTECTIVE ORDER PERMITTING
DEFENSE COUNSEL TO SPEAK TO THE PLAINTIFF'S TREATING PHYSICIANS**

The Defendant, by and through undersigned counsel, hereby submits this Memorandum of Law in Support of Defendant's Motion for a Qualified Protective Order. The Defendant requests that this Honorable Court grant its motion for three reasons. First, HIPAA specifically allows for the relief sought herein. Second, it has long been the policy in the District of Columbia to allow defense counsel to speak *ex parte* to a plaintiff's treating physicians. Finally, fundamental fairness requires that the Defendant's counsel have access to the same informal methods of discovery as that of Plaintiff's counsel.

**I.    INTRODUCTION**

In this medical malpractice case, the Plaintiff alleges that negligence on part of employees of the Defendant caused or permitted the Plaintiff to fall. The Plaintiff asserts that he sustained a serious head injury which has resulted in permanent neurological impairment. See Complaint.

4821-6105-2677                            3

## II. LEGAL ARGUMENT

### A. HIPAA Specifically Allows For The Type of *Ex Parte* Communications That The Defendant Requests Herein.

HIPAA specifically allows the sort of *ex parte* communications that the Defendant requests in this Motion. According to HIPAA, parties may have access to protected health information under certain circumstances as described in the Code of Federal Regulations:

(e) Standard: Disclosures for judicial and administrative proceedings.

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

    (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

    (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

        (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

        (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. 164.512(e).

As such, the Defendant respectfully requests that this Honorable Court grant its motion so that defense counsel may speak *ex parte* with the Plaintiff's treating physicians. Specifically defense counsel seeks to speak with the following physicians who treated the Plaintiff: (1) Douglass Ward, M.D.; (2) Carolyn Huang, M.D.; (3) Firas Bannout, M.D; (4) Vinayak Jha,

M.D.; (5) Guillermo Gutierrez, M.D., Ph.D.; (6) Samule Potolicchio, M.D.; (7) Afsoon Roberts, M.D.; (8) Kathleen Burger, M.D.; and (9) Anjali Dsouza, M.D. These physicians have been identified in the medical records as physicians who have provided care and treatment to the Plaintiff. These physicians undoubtedly have valuable information about the Plaintiff's medical condition that could have direct bearing on the issues in this case. In compliance with HIPAA, any *ex parte* conversations between Defendant and the Plaintiff's treating physicians will be limited to the subjects that are directly at issue in this claim.

### B. District of Columbia Law Permits *Ex Parte* Communication With Treating Physicians.

Plaintiff waived the privilege against disclosure of relevant medical evidence by filing this lawsuit and placing the Plaintiff's medical treatment at issue. *Street v. Hedgepath*, 607 A.2d 1238 (1992)(citing *Sklagen v. Greater Southeast Community Hospital*, 625 F.Supp. 991, 992 (D.D.C. 1984)). *See also Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 127 (D.D.C. 1983). In *Street*, the Plaintiff argued the court had a duty to prevent *ex parte* communication between treating physicians and attorneys, but the court disagreed. 607 A.2d at 1247. "We adopt the holding in *Doe*, and conclude that *ex parte* interviews with a treating physician are a permissible means of informal discovery when the plaintiff has put the medical condition of that physician's patient at issue by filing a lawsuit." *Id*. In the instant case, the Defendant's counsel should be permitted to speak with the Plaintiff's treating physicians since the Plaintiff has put his medical treatment at issue by filing this lawsuit.

The Honorable Stephanie Duncan-Peters affirmed that plaintiffs' physicians are potential witnesses who may possess valuable information relevant to the lawsuit and that *ex parte* interviews are an effective method of discovery. (*See* Order by the Honorable Stephanie Duncan-Peters dated September 14, 2004 attached hereto as **Exhibit A**). The Honorable Judith

Retchin granted similar motions in three separate cases to permit defendants to speak *ex parte* with a plaintiff's decedent's treating physicians. (*See* Order by the Honorable Judith E. Retchin, dated June 8, 2006, attached hereto as **Exhibit B**; Order by the Honorable Judith Retchin dated January 27, 2006 attached hereto as **Exhibit C**; Order by the Honorable Judith Retchin dated August 10, 2006 attached hereto as **Exhibit D**; Order by the Honorable Judith Retchin dated May 10, 2007 attached hereto as **Exhibit E**); *See also* Orders by the Honorable Jennifer Anderson dated February 14, 2008, attached hereto as **Exhibit F**; the Honorable Judith N. Macaluso dated July 2, 2009, attached hereto as **Exhibit G**; the Honorable Brian Holeman dated June 17, 2009, attached hereto as **Exhibit H**; the Honorable Alfred Irving dated June 3, 2009, attached hereto as **Exhibit I**; and the Honorable Joan Zeldon dated February 18, 2010, attached hereto as **Exhibit J**. These Orders permit *ex parte* communications with certain restrictions to limit the scope and protect the plaintiff.

C. **Fundamental Fairness Dictates that Defendants Be Allowed Equal Access to the Plaintiff's Treating Physicians.**

The Defendant would suffer prejudice due to the inability to discuss this matter openly with the Plaintiff's treating physicians. The attorneys for the Plaintiff have access to these physicians without the presence of defense counsel, and in fairness, the Defendant should be accorded the same ability. By placing his medical condition and treatment at issue in this lawsuit, the Plaintiff should recognize the critical importance of open communication with his treating physicians. "Fairness to the Defendants requires that they should also be permitted to communicate informally with these physicians, so long as the Plaintiff's privacy interests remain protected." (*See* Order by the Honorable Stephanie Duncan-Peters dated September 14, 2004, Exhibit A).

Specifically, the Defendant requests that this Court issue the attached Order which would allow the Defendant to speak *ex parte* to the Plaintiff's treating physicians who have provided care and treatment to the Plaintiff. Furthermore, in compliance with HIPAA, the attached Order provides that any protected health information obtained by the parties in this matter may be used only in connection with this litigation, and that the parties to this matter, their counsel, the employees of their counsel and their respective agents, including both testifying and non-testifying experts and consultants, are prohibited from using or disclosing the protected health information for any purposes other than in connection with this litigation. Also attached is an authorization to be signed by the Court and to be provided to the physicians with whom the Defendant's counsel wants to speak.

WHEREFORE, for the reasons stated above, and in order to ensure HIPAA compliance, Defendant respectfully requests the following relief:

A) That the Consent Motion for Qualified Protective Order be granted; and

B) The Court issue an Order permitting the Defendant's counsel in this case to speak *ex parte* to the treating physicians of Plaintiff, described herein.

Respectfully submitted,

*/s/ Aaron L. Moore*
Thomas V. Monahan, Jr. (457213)
tvm@gdldlaw.com
Aaron L. Moore (500099)
amoore@gdldlaw.com
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 (facsimile)
**Attorneys for Defendant, District Hospital Partners, LP**