UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DWIGHT LODGE                         :
                                     :
          Plaintiff,                 :
                                     :     Case: 1:09-cv-02110
v.                                   :     Assigned to: Judge Emmitt
                                     :                  Sullivan
DISTRICT HOSPITAL PARTNERS, LP       :     Description: PI/Malpractice
D/B/A THE GEORGE WASHINGTON          :
  UNIVERSITY HOSPITAL, et al.        :
                                     :
          Defendants.                :

## DEFENDANT MEDICAL FACULTY ASSOCIATES, INC.'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**COMES NOW** the Defendant, Medical Faculty Associates, Inc., by and through its counsel, Kenneth Armstrong, Esquire, Edward Gonsalves, Esquire, and the law firm of ARMSTRONG, DONOHUE, CEPPOS, VAUGHAN & RHOADES, CHARTERED, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Amended Complaint and claims against it on the grounds that Plaintiff's Amended Complaint does not plead sufficient facts to state a plausible claim against Defendant Medical Faculty Associates, Inc. As grounds in support of its Motion, Defendant respectfully refers this Court to the attached Memorandum of Points and Authorities.

**WHEREFORE**, the Defendant, Medical Faculty Associates, Inc., respectfully requests that this Court enter an Order granting its Motion and dismissing Plaintiff's Amended Complaint and claims against it, and respectfully requests such additional relief as this Court may deem appropriate.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS,
VAUGHAN & RHOADES, CHARTERED**

/s/ Edward A. Gonsalves
Kenneth Armstrong, Esquire #320507
HKA@adclawfirm.com
Edward Gonsalves, Esquire #425160
EAG@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440
*Attorneys for Defendant Medical Faculty
Associates, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of July, 2010, a copy of the foregoing Defendant Medical Faculty Associates, Inc.'s 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted, Memorandum of Points and Authorities, and Proposed Order, was electronically filed and sent via first class mail, postage prepaid to:

Stuart M. Salsbury, Esquire
Gregory G. Hopper, Esquire
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS
300 W. Pratt Street, Suite 450
Baltimore, MD  21201

/s/ Edward A. Gonsalves

002485

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DWIGHT LODGE                              :
                                          :
            Plaintiff,                    :
                                          :    Case: 1:09-cv-02110
v.                                        :    Assigned to: Judge Emmitt
                                          :               Sullivan
DISTRICT HOSPITAL PARTNERS, LP            :    Description: PI/Malpractice
D/B/A THE GEORGE WASHINGTON               :
  UNIVERSITY HOSPITAL, et al.             :
                                          :
            Defendants.                   :

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MEDICAL FACULTY ASSOCIATES, INC.'S 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant, Medical Faculty Associates, Inc., by and through its attorneys, Kenneth Armstrong, Esquire, Edward Gonsalves, Esquire, and the law firm of ARMSTRONG, DONOHUE, CEPPOS, VAUGHAN & RHOADES, CHARTERED, submits the following Memorandum of Points and Authorities in Support of its 12(b)(6) Motion to Dismiss, and states, as follows:

I.   **Introduction/Background**

This case involves allegations of negligence. *See* Plaintiff's Amended Complaint. Plaintiff's claims arise under District of Columbia law. There are no federal questions at issue. Federal jurisdiction is based solely upon diversity of citizenship, 28 U.S.C Section 1332.

By way of his Amended Complaint, Plaintiff alleges that he sustained injuries due to the "combined negligence and carelessness of the Defendants, directly and by and through their agents, servants, and/or employees, during his stay at The George Washington Hospital." At ¶1. Plaintiff was admitted to George Washington Hospital on December 28, 2006. At ¶13. On January 2, 2007, Plaintiff underwent a bronchoscopy procedure. At ¶14. After the procedure, Plaintiff was transported to a room for observation, where "an agent, servant, and/or employee of the Defendants had left an unsecured and unattended tank or cylinder in the middle of

[Plaintiff's] room." At ¶16. While attempting to walk in his room, Plaintiff fell over this "unsecured cylinder or tank and the unsecured oxygen cylinder or tank." At ¶18. Plaintiff allegedly suffered injuries as a result of this incident. At ¶20.

## II. Argument

Plaintiff's Amended Complaint fails to state a claim against Defendant Medical Faculty Associates, Inc. (hereinafter "Defendant MFA") upon which relief can be granted. Under Federal Rule of Civil Procedure (hereinafter "FRCP") 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court of the United States interprets this statement to mean that for a complaint to survive a motion to dismiss, it must contain factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955, 1974 (2007). According to the Court, while a complaint does not require "detailed factual allegations," it must provide more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65. In other words, the "factual allegations must be enough to raise a right to relief about the speculative level," *Id.* at 555, 1965, as opposed to "naked assertions" which are devoid of "further factual enhancement." *Id.* at 557, 1966.

Plaintiff's Amended Complaint fails to meet the *Twombly* standard. In order to satisfy the requirements of *Twombly*, Plaintiff must state facts which make it "plausible," rather than merely "conceivable," *Id.* at 570, 1974, that an agent, servant, and/or employee of Defendant MFA departed from the standard of care which is required of MFA agents, servants, and/or employees, by leaving an unsecured and unattended tank or cylinder in the middle of Plaintiff's room. However, while Plaintiff states that an agent, servant, and/or employee of Defendant MFA was negligent in leaving the unsecured and unattended tank or cylinder in the middle of

2

Plaintiff's room, Plaintiff is not specific as to which agent, servant, and/or employee of Defendant MFA left an unsecured and unattended tank or cylinder in the middle of Plaintiff's room. This is precisely the type of "speculation" and "naked assertion" *Twombly* seeks to avoid.

Plaintiff's Amended Complaint is completely devoid of any factual allegation that establishes a *prima facie* case of negligence against MFA. There is no factual allegation that connects between MFA and the oxygen cylinder in the Plaintiff's room. Further, there is no allegation that MFA was aware of this oxygen cylinder or that it was aware of any danger it posed to Plaintiff. Plaintiff is merely speculating that MFA had some legal responsibility over the equipment in a hospital room.

Plaintiff's negligence claim against Defendant MFA is even less plausible when considering that Defendant MFA is a corporation that only "provides medical services," Exhibit A at 3, not a corporation that provides maintenance services for hospital observation rooms. If Defendant MFA is in the business of providing medical services rather than hospital maintenance, how is it plausible that an agent, servant, and/or employee of Defendant MFA was responsible for leaving an unsecured and unattended tank or cylinder in the middle of Plaintiff's post-procedure observation room?[1] Based on the alleged facts, it is difficult to imagine how Defendant MFA could even "conceivably" be liable for negligence conduct, much less "plausibly." If such negligence in fact took place, further factual assertions are required. The Amended Complaint may as well name as defendants all medical providers who

---

[1] Vinayak Jha, M.D was an agent, servant and/or employee of Defendant MFA who had contact with Plaintiff on January 2, 2007. Dr. Jha had no responsibility for the maintenance or safety of the hospital rooms at George Washington University Hospital, no responsibility for the maintenance or control of any equipment in the hospital's rooms at George Washington University Hospital, and no duty or responsibilities with respect to the maintenance, upkeep, security, safekeeping, possession, or control of such equipment. *See* Affidavit of Vinayak Jha, M.D., attached hereto as Exhibit A.

3

work at George Washington University Hospital. Clearly, logic requires more substantial allegations to maintain a viable claim against MFA.

Therefore, since Plaintiff's Amended Complaint is deficient of factual matter to state a claim which is plausible on its face, Plaintiff's Amended Complaint fails to state a claim against Defendant MFA upon which relief can be granted. Thus, Plaintiff's Amended Complaint against Defendant MFA should be dismissed pursuant to FRCP 12(b)(6).

## III. Conclusion

Pursuant to FRCP 12(b)(6), Defendant MFA respectfully requests that this Court dismiss this matter against it due to Plaintiff's failure to state a claim upon which relief can be granted.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS,
VAUGHAN & RHOADES, CHARTERED**

*/s/ Edward A. Gonsalves*
Kenneth Armstrong, Esquire #320507
HKA@adclawfirm.com
Edward Gonsalves, Esquire #425160
EAG@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, Maryland 20850
(301) 251-0440
*Attorneys for Defendant Medical Faculty Associates, Inc.*

002489

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DWIGHT LODGE  :
: 
        **Plaintiff,**  :
:  Case: 1:09-cv-02110
v.  :  Assigned to: Judge Emmitt
:           Sullivan
DISTRICT HOSPITAL PARTNERS, LP  :  Description: PI/Malpractice
D/B/A THE GEORGE WASHINGTON  :
  UNIVERSITY HOSPITAL, et al.  :
:
        **Defendants.**  :

## ORDER

UPON CONSIDERATION, of the Defendant's 12(b)(6) Motion to Dismiss and any Opposition thereto, it is this _____ day of _____, 2010,

**ORDERED**, that the Defendants' 12(b)(6) Motion to Dismiss be and the same hereby is **GRANTED**; and it is further,

**ORDERED**, that the Plaintiff's claims against Defendant, Medical Faculty Associates, Inc., be, and the same hereby are **DISMISSED**, without prejudice.

                                              _____
                                              Judge, U.S. District Court for the District of Columbia

cc:
    Ken Armstrong, Esquire
    Edward Gonsalves, Esquire
    204 Monroe Street, Suite 101
    Rockville, Maryland 20850

    Stuart M. Salsbury, Esquire
    Gregory G. Hopper, Esquire
    SALSBURY, CLEMENTS, BEKMAN,
     MARDER & ADKINS
    300 W. Pratt Street, Suite 450
    Baltimore, MD 21201